# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 21, 2021

Lyle W. Cayce
Clerk

No. 21-10637
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

NICHOLAS ANDREW WALDMAN,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:21-CR-38-1

Before HIGGINBOTHAM, HIGGINSON, and DUNCAN, *Circuit Judges*.

PER CURIAM:*

Nicholas Andrew Waldman appeals his guilty-plea conviction for receipt of a firearm while under indictment for a felony, in violation of 18 U.S.C. §§ 922(n) and 924(a)(1)(D). He argues that § 922(n) is unconstitutional on its face or as applied to him because it does not require a

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

sufficient nexus with interstate commerce or, in the alternative, because a sufficient nexus was not alleged or admitted here.  Waldman further contends that these arguments are not subject to the appeal waiver in his plea agreement.

We do not address the waiver provision in Waldman's plea agreement because the Government chose not to assert its applicability, instead moving for summary affirmance.  The motion is unopposed:  Waldman concedes that the constitutional issue he raises is foreclosed by precedent rejecting similar arguments with respect to 18 U.S.C. § 922(g), which includes a jurisdictional nexus requirement like that in § 922(n).  *See, e.g.*, *United States v. Alcantar*, 733 F.3d 143, 145-46 (5th Cir. 2013).  Because the Government's position "is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case," *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), summary affirmance is proper.

Accordingly, the Government's motion for summary affirmance is GRANTED, the Government's alternative motion for an extension of time to file a brief is DENIED as unnecessary, and the district court's judgment is AFFIRMED.